**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fritz M. COX, Defendant-Appellant.
No. 16153.**

United States Court of Appeals
Sixth Circuit.

July 6, 1965.

Clyde W. Key, Knoxville, Tenn., Key & Lee, Knoxville, Tenn., of counsel, for appellant.

John M. Brant, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attorneys, Department of Justice, Washington, D. C., on brief; John H. Reddy, U. S. Atty., G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., of counsel, for appellee.

Before CECIL and PHILLIPS, Circuit Judges, and MATHES, Senior District Judge.*

* Sitting by designation from the Southern District of California.

CECIL, Circuit Judge.

This is an appeal from a judgment of conviction in the United States District Court for the Eastern District of Tennessee, Northern Division, on a five-count indictment involving income tax evasion. The first three counts charge the defendant-appellant with evading income taxes for the years 1956, 1957 and 1958, respectively, in violation of Section 7201, Title 26, U.S.C. The fourth count charges the defendant-appellant with subscribing to his tax return for the year 1957 when he did not believe it to be true as to every material matter, in violation of Section 7206(1), Title 26, U.S.C. The fifth count charges the same offense for the year 1958. These last two counts allege an understatement of gross receipts as distinguished from an alleged understatement of taxable income in the first three counts.

Fritz M. Cox, the defendant-appellant herein, to whom we will refer as defendant, had for many years operated a wholesale distributorship for the products of Tom Huston Peanut Company. This business was started as a partnership in 1936 but after about a year the defendant bought the interest of his partner. E. C. Wynegar, a public accountant, had prepared the defendant's tax returns since the inception of the business. Mr. Wynegar prepared the returns now in question in the criminal proceeding before us. He instructed the defendant to deposit all of his gross receipts in a bank account and to pay all expenses by check. This would constitute a simple bookkeeping system from which the accountant could prepare the defendant's tax returns. This system was continued until some time in 1947. At this time, the defendant began to record his gross receipts in a sales account ledger. He testified that this was on the advice of Mr. Wynegar and that he would no longer have to deposit all of his receipts. With the use of this ledger, he could pay bills and living expenses out of the cash drawer. On his direct-examination, he claimed that he used the sales recorded in this ledger for making out his tax returns. The defendant continued to disclose his income to Mr. Wynegar through the bank-deposit-check-stub method.

One of the assignments of error is that the court erred in denying the defendant's motion for judgment at the close of all of the evidence and in denying his motion for judgment notwithstanding the verdict after the trial. In support of this assignment of error, it is claimed that the testimony of Mr. Wynegar should be disregarded as having no evidentiary value.

When the defendant first learned that his tax returns were under suspicion by the revenue agents, he employed Mr. Severance, a certified public accountant, to examine his income tax returns and ascertain whether he owed any additional tax. Amended returns were prepared by Mr. Severance and the additional taxes represented thereby were paid by the defendant. Mr. Severance went to see Mr. Wynegar and secured from him an affidavit. It is claimed that if the facts alleged in this affidavit were true, the defendant would be completely exonerated.

Upon the trial, Mr. Wynegar repudiated the facts of this affidavit and explained that he was willing to help a friend and signed it for that purpose. After signing this affidavit, Mr. Wynegar was called to the office of Special Agent Leibowitz. There Agent Leibowitz learned of the affidavit. The agent called Mr. Wynegar to his office a second time and warned him of his constitutional right to have a lawyer. He further warned him that anything he said could be used against him and that he could decline to answer any questions. With this warning, Mr. Wynegar attended a third conference with Agent Leibowitz accompanied by a lawyer. He attended a fourth conference without his lawyer, at which time he signed an affidavit which had been prepared for him by Leibowitz. Mr. Leibowitz told him then "You no longer need a lawyer." At the trial Mr. Wynegar testified that he knew nothing about the sales account

ledger and that he had never changed his instructions concerning the deposit of all receipts and the payment of bills by checks. He further testified that he had continued to make the tax returns from the bank deposits and check stubs given to him by the defendant.

■ Counsel for the defendant concedes that if this testimony was believable the case was properly submitted to the jury. Counsel claims that without this testimony there is insufficient evidence to support a conviction. We cannot agree with this contention. There is ample evidence in the admissions of the defendant to Agent Leibowitz and in his own direct and cross-examination to warrant the submission of the case to the jury. Furthermore, much of the testimony of the defendant corroborates the testimony of Mr. Wynegar given at the trial. There is sufficient support for Mr. Wynegar's testimony that it cannot be said to be without probative value.

The appellant objects to the instructions of the trial judge in connection with the claim that he acted on advice of his accountant. The objection is addressed in particular to the language: " * * * but also that the taxpayer make a full disclosure to that person of all pertinent facts, * * *." It is argued that the taxpayer should only be required to disclose such facts as he *believes* to be pertinent or material. The full statement to which counsel for the appellant objects is taken out of the full context of the trial judge's instruction on this point. Taken as a whole, the charge on the subject is correct and not misleading. In part on this subject the court said:

> "However, effectiveness of this defense requires not only that the advice be sought from a person honestly believed to be competent to give advice, but also that the taxpayer make full disclosure to that person of all pertinent facts, in order that the advice given may be in response to the true situation and not to one from which material facts have been withheld."

■ The pertinent part of this instruction is the withholding of material facts. There is strong evidence in this case to the effect that material facts were withheld from the accountant and it is doubtful that it was necessary to give the instruction at all. There is evidence that the appellant had bank accounts which were not disclosed to the accountant. Into one of these accounts he made weekly deposits of receipts of the business. Another one was called a reserve account into which he deposited "kick backs" on invoices from the Tom Huston Peanut Company. The appellant could not have honestly believed that this information was not pertinent and material for disclosure to one making out an income tax return.

■ Finally, we conclude that it is essential for one to disclose all of the facts concerning his income in order to rely on advice of his counsel or accountant. United States v. Baldwin, 307 F.2d 577, 579, C.A.7, cert. den. 371 U.S. 947, 83 S.Ct. 501, 9 L.Ed.2d 497; Bisno v. United States, 299 F.2d 711, 720, C.A.9, cert. den. 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818, rehear. den. 371 U.S. 855, 83 S.Ct. 51, 9 L.Ed.2d 94; United States v. McCormick, 67 F.2d 867, 870, C.A.2.

Another objection made by counsel for the defendant is that the court declined to give to the jury his special request concerning negligence. Willfulness and intent were very adequately defined. In defining willfulness and intent, the court said, in part:

> "The attempt to evade or defeat the tax must be a willful attempt. That is to say, it must be an attempt knowingly made with the specific intent to keep from the government a tax imposed by the income tax laws which it was the duty of the taxpayers to pay to the government.

> "In other words, the attempt must be knowingly made with the bad purpose of seeking to defraud the government of some substantial amount of income tax lawfully due from the taxpayers.

"Specific intent must be proved by independent evidence and cannot be inferred from the mere understatement of income. Willfulness must include an evil motive and want of justification in view of all the circumstances."

Willfulness is the very opposite of negligence and since the court charged that the act of evasion must be intentional and willful, negligence was necessarily excluded.

In connection with the instructions on counts four and five, the court made a distinction between willfulness and negligence:

"The word 'willfully' as used in this statute means deliberately and with knowledge, as distinguished from something which is merely careless, inadvertent or negligent."

This distinction would apply equally to the statute involved in counts one, two and three.

The defendant's explanation was that he did not know that he did not report all of his income to Mr. Wynegar. He did not claim that there was a failure to report income as a result of negligence. The evidence would tend to show a studied plan of evasion of income tax rather than a failure as a result of negligence of either the defendant or Mr. Wynegar.

We find no error in the assignments hereinabove discussed. The judgment of conviction on counts two and three is affirmed.

■ It is claimed on behalf of the defendant that the charge of income tax evasion for the year 1956, as alleged in the first count of the indictment, is barred by the six-year statute of limitations. (Section 6531, Title 26, U.S.C.) The statutory bar became effective on April 15, 1963, unless the statute was tolled by a complaint filed before the United States Commissioner, on January 8, 1963.

The complaint reads, in part: " * * that on or about the 15th day of January, 1956, * * * Fritz M. Cox did un-lawfully and willfully attempt to evade and defeat the income taxes due and owing by him to the United States of America for the calendar year 1956, * * *." This does not clearly state the offense charged in the first count of the indictment. The judgment of conviction is vacated and the District Court is instructed to enter judgment for the defendant on this count.

Counsel for the defendant objects to the instruction of the court that intent to evade the payment of tax was not necessary for a conviction under counts four and five of the indictment. Section 7206(1), Title 26, U.S.C., upon which the charges are based, provides in part: "Any person who * * * (w)illfully makes and subscribes any return * * which he does not believe to be true and correct as to every material matter * * shall be guilty of a felony * * *."

Counsel argues that since the false statement charged in these counts is an understatement of gross income, in order to convict, the government must prove that the defendant willfully and knowingly made a false statement in his income tax return which defrauded the government of income tax revenue.

■ No clear authority decisive of this question has been cited to us nor have we found any. The sentence of one year and one day is concurrent on all counts. Since the convictions on counts two and three are affirmed, we find it unnecessary to pass on the validity of the convictions on counts four and five. United States v. Cardillo, 316 F.2d 606, C.A.2, cert. den. 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55, rehear. den. 375 U.S. 926, 84 S.Ct. 263, 11 L.Ed.2d 169; Moore v. United States, 117 U.S.App.D.C. 376, 330 F.2d 842; Carroll v. United States, 326 F.2d 72, C.A.9; United States v. Thomas, 303 F.2d 561, C.A.6. The sentence being short, it is apparent that no prejudice will result to the defendant in his consideration for parole as may result in some cases. See United States v. Leather, 271 F.2d 80, C.A.7, cert. den. 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525; Audett v. United States, 265 F.2d

837, 848, C.A.9, cert. den. 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62, rehear. den. 361 U.S. 926, 80 S.Ct. 290, 4 L.Ed.2d 241; and Hibdon v. United States, 204 F.2d 834, 839, C.A.6.

Judgment will be entered in conformity with this opinion.