**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carroll SAMARA, Defendant-Appellant.**

**No. 79–1989.**

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 28, 1981.
Decided March 4, 1981.

William S. Price, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., with him on brief), for plaintiff-appellee.

Robert W. Pittman, Oklahoma City, Okl. (John C. Moran, James W. Bill Berry of Berry, Baron & Berry, Oklahoma City, Okl., with him on briefs), for defendant-appellant.

Before SETH, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant Carroll Samara guilty on all four counts of an indictment charging income tax violations arising from returns for the years 1971 and 1972. Counts I and III charged the filing of false returns in violation of 26 U.S.C. § 7206(1) and Counts II and IV charged the evasion of tax in violation of 26 U.S.C. § 7201. Defendant was sentenced to three year concurrent prison terms on each count. Fines totalling $15,000 were imposed. He appeals and we affirm.

Defendant, a practicing lawyer in Oklahoma City, Oklahoma, filed joint returns with his wife who was not indicted. The Internal Revenue Service, IRS, had audited defendant's returns for several years before those for the years in question. The returns were prepared by lawyers and a certified public accountant in an Oklahoma firm. Defendant furnished the information on which the returns were based. The filing and bookkeeping in defendant's office were primitive and haphazard. A substantial portion of his receipts were in cash or in checks which were converted to cash and not deposited in his bank account. Some business expenses were paid by check and some by cash.

Receipt records being unavailable, the return preparers added the expense items to an estimated sum for living expenses to arrive at gross income. The amended return for 1971 showed a tax due of $585.00, Gov't. Ex. 5, and for 1972 of $11,314.26, Gov't. Ex. 6. The government evidence showed an additional tax of $1,155.38 for 1971 and $3,613.64 for 1972 (see Gov't. Ex. 198 as corrected by witness Bonifield, Tr. 1767–1769).

The government relies on "specific items" of unreported income. In a jury trial covering about three weeks, the government presented over 200 witnesses and 200 exhibits. Oklahoma state court records showed the appearance of defendant as attorney for various litigants. Some of these, about 200, testified to the payment of fees to the defendant. The government summary of the evidence, Gov't. Ex. 194, showed additional unreported gross receipts from these sources of $30,154.37 for 1971 and of $36,200.19 for 1972. Detailing the evidence would serve no good purpose. A few examples will suffice.

Mrs. Leo Feurborn testified that in 1971 she paid defendant checks totally $555.00 for representing her son in a criminal case. Only one check for $105.00 was deposited to defendant's bank account. Tr. 531–536.

Lynn Bailey said that she gave defendant a $650.00 check for legal services in a criminal case. The check was endorsed by defendant but no claim is made that it was deposited in his bank account. Tr. 406–410 and Gov't. Ex. 73. Lyle Fair gave defendant a check for $750.00 in part payment of legal services of defendant in representing the witness' son in a criminal prosecution. The cancelled check bears defendant's endorsement and no claim is made that it was deposited in defendant's bank account. See Tr. 638–642 and Gov't. Ex. 101.

Several character witnesses testified for the defense. Several lawyers related their professional relationships with the defendant. Three former secretaries testified as to the routine and procedures in defendant's office. All said that they were paid in cash. (Tr. 1586, 1611, and 1668). Former secretary Hanson said that defendant did not have a filing system; that his bookkeeping system was almost as bad as his filing system; that he kept no accounts receivable; and that he did not keep a set of books. (Tr. 1619–1620). An elevator operator in the building where defendant had an office testified to his work habits and generosity with children. An accountant, testifying as an expert, presented a summary of the trial evidence. The summary was not received in evidence but accepted for the record as an offer of proof. The defendant did not testify.

On this appeal, defendant makes no attack on the court's instructions to the jury.

Defendant argues that the evidence is insufficient to sustain the jury verdicts. Counts I and III charge violations of 26 U.S.C. § 7206(1). "The gist of the offense is a false statement, willfully made, of a material matter." *United States v. Brown,* 10 Cir., 446 F.2d 1119, 1122. Counts II and IV charge violations of 26 U.S.C. § 7201. Its elements are willfulness, existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States,* 8 Cir., 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 and *United States v. Swallow,* 10 Cir., 511 F.2d 514, 519. Defendant

signed the returns which declared that they were made under the penalties of perjury. The government evidence showed that the returns were false in a material matter, the income was understated, and a substantial tax deficiency resulted.

Defendant claims that his actions were not willful. His former secretary, Arvilla Richardson, testified for the government that defendant kept a receipt book showing cash received. Tr. 1390–1391. Defendant did not provide to the firm of Dunlap and Fitzgerald, which prepared his returns, any cash receipt books. Tr. 305. The tax preparers had no knowledge of the checks which defendant cashed rather than deposited. Tr. 309–310. Defendant's reliance on the advice of his lawyer and accountant does not negate willfulness unless defendant made a complete disclosure of all pertinent facts. *United States v. Jett,* 6 Cir., 352 F.2d 179, 182, and *United States v. Baldwin,* 7 Cir., 307 F.2d 577, 579. Defendant concealed, rather than disclosed, his cash receipts. Bank Teller Herrin said that at a minimum of once a week during 1971 and 1972, defendant cashed, without depositing in his account, checks totalling $500 to $1,000 for each transaction. Tr. 1367. Teller Rogers gave similar testimony and said that the cash was given to defendant in $50 and $100 bills. Tr. 1384–1385. Bank Teller Strawn testified that during the same period she cashed checks amounting to $500 to $1,500 three or four times a month and paid defendant in $50 bills. Tr. 1386–1387. Witness Herrin identified from bank records the checks which were cashed rather than deposited. Tr. 1368–1376.

Government witness Richardson, secretary for defendant, reported to defendant that IRS had made contact with her. She identified as Gov't. Ex. 164 a written July 29, 1974, message to her from defendant. Tr. 1410–1411. Among other things the letter said:

"Do not even mention the Criminal work. Also, you might tell them, if you tell them anything, that I did all of my own banking and saw practically all of my clients at night and that so far as you

know I did not take in very much cash money."

In answer to a question of what portion of defendant's practice was in criminal cases, Richardson said, Tr. 1411, "probably the majority of it."

■ Willfulness to defeat or evade federal income taxes may be inferred from "concealment of assets or covering up sources of information, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or conceal." *Spies v. United States*, 2 Cir., 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418. Substantial evidence establishes that the false statements were made wilfully and that the attempt to evade was willful.

We do not weigh the evidence or determine the credibility of witnesses. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 7 Cir., 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680. See also *United States v. Downen*, 10 Cir., 496 F.2d 314, 319. It is enough to say that the evidence supports and justifies the verdicts of the jury.

Defendant contends that prosecution under Counts I and II is barred by the six-year period of limitations provided in 26 U.S.C. § 6531(2) and (5). Each of the questioned counts is based on an amended return filed with IRS on February 14, 1973. Gov't. Ex. 5. The indictment was returned on January 4, 1979.

The question is whether the limitation period runs from the date of the filing of the original return, September 15, 1972, or the filing of the amended return on February 14, 1973. Defendant argues that the original return governs because the amended return merely revised a depreciation schedule.

Section 7206(1) applies to "any return, statement, or other document" not believed "to be true and correct as to every material matter." Section 7201 applies to a person who attempts to defeat or evade a tax "in

any manner." In holding that the statute was no bar, the district court cited *United States v. Habig*, 7 Cir., 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055. That decision holds that the § 6531 limitation period runs from the date of the actual filing and not from the original due date of the return. In the instant case the original due date had been extended and the original return filed within the extension period.

■ IRS filed the amended return and recognized the increased depreciation claim. *Norwitt v. United States*, 9 Cir., 195 F.2d 127, 134, and *Levy v. United States*, 3 Cir., 271 F. 942, 943, hold that a person may be prosecuted for filing an amended return. We agree. An amended return is "any return, or other document" within the purview of § 7206(1) and may constitute an attempt to defeat or evade a tax "in any manner" within the proscription of § 7201. Accordingly, the statute is no bar. In the circumstances we have no reason to consider the government's alternative argument that the concurrent sentence doctrine should be applied.

■ Error is alleged in receipt in evidence of state court civil and criminal dockets of cases in which defendant was the attorney of record. The dockets showed the extent and nature of defendant's law practice during the tax years. They supplied information leading the government to the many "specific items" witnesses. They disclosed the extent of the defendant's criminal law practice and corroborated the testimony of the witness Richardson in that regard. They were relevant evidence as that term is defined in Rule 401, Federal Rules of Evidence. Defendant argues that the introduction of the dockets was an effort by the government to force him to testify. In his opening statement to the jury defense counsel said that the defendant would testify and outlined the scope of his expected testimony in some detail. Tr. 1501–1505. Later, defendant elected not to testify. Tr. 1690. Although evidence tended to implicate the defendant in the commission of the offense charged, "[t]he mere

massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination." *Barnes v. United States*, 9 Cir., 412 U.S. 837, 847, 93 S.Ct. 2357, 2363, 37 L.Ed.2d 380.

The last defense witness was an accountant who qualified as an expert. He prepared, and the defense offered as their Exhibit 513, a summary purporting to show that certain items should be deleted from the government's showing of gross receipts. The reasons given for item rejection was witness credibility because of felony convictions and lack of documentation. The court excluded the exhibit and its related testimony on the ground that credibility was for determination by the jury, not by a defense witness. Exhibit 513 was received as a defense offer of proof.

Ordinarily the admission of expert testimony is within the discretion of the court, *Wolford v. United States*, 10 Cir., 401 F.2d 331, 332, and its rulings will be disturbed only for clear abuse of discretion, *United States v. Carranco*, 10 Cir., 551 F.2d 1197, 1199–1200.

The defense expert did more than summarize the evidence. He gave reasons why specific items should be excluded. The "specific items" witnesses were subject to defense cross-examination. An expert "may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility." *United States v. Ward*, 3 Cir., 169 F.2d 460, 462; see also *United States v. Brown*, 10 Cir., 540 F.2d 1048, 1054, *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549. The offer of proof was properly rejected.

Defendant claims that he was a target defendant because IRS was emphasizing the prosecution of lawyers and accountants. He directs attention to various news items. We considered a claim of selective prosecution in *United States v. Rickman*, 10 Cir., 638 F.2d 182, and nothing more need be added. Defendant showed none of the elements needed to establish unconstitutional selectivity. See *Barton v. Malley*, 10 Cir., 626 F.2d 151, 155.

The defense claims of judicial and prosecutorial misconduct border on frivolity and merit no discussion. The experienced trial judge presided over this difficult trial with patience and impartiality. The defendant must suffer the consequences of his own actions.

Affirmed.