ORDER AND JUDGMENT*
PAUL KELLY, JR., Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously to grant the parties’ request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Following a jury trial, John Ward was convicted of conspiracy to possess more than fifty grams of crack cocaine in violation of 21 U.S.C. § 846. On appeal, he argues that the trial court committed reversible error in (1) permitting an investigating officer (Deputy Phillip Higdon) to testify regarding the credibility of other witnesses, and (2) admitting Rule 404(b) “other acts” evidence regarding Mr. Ward’s prior involvement with drugs.
The District Court’s Decision
At trial, the bulk of the evidence against Mr. Ward took the form of testimony from various coconspirators, most notably Joseph Mulay. Other members of the Mulay family, who were also involved in the drug distribution scheme, testified as well. The prosecution’s first witness, however, was Deputy Higdon, the case agent in this matter. During the course of his testimony, Deputy Higdon was asked to give his opinion as to whether Mr. Mulay and the others had been truthful in implicating Mr. Ward. Deputy Higdon stated that, based on his experience in law enforcement, he believed Mr. Mulay as well as the others had ultimately been truthful with him, though their stories had changed over time.
The defense’s primary witness was Percy Grant. Mr. Grant — who had no other connection to the people or events of the case — had been jailed briefly with Mr. Mu-lay and then with Mr. Ward. Mr. Grant contended that he and Mr. Mulay fell into the same group while they were imprisoned together, and that Mr. Mulay had stated that he intended to pin the crime on Mr. Ward to obtain a reduced sentence. Before Mr. Grant testified, however, Deputy Higdon was asked by the prosecution whether it would have been easy for Mr. Grant and Mr. Ward to fabricate this story while they were imprisoned together. Deputy Higdon opined that it would have been easy for them to do so.
Mr. Ward raised both of his appellate arguments in a motion for new trial. The district court concluded that Deputy Higdon’s testimony did violate “the principle that the credibility of witnesses is not generally an appropriate subject for opinion testimony.” Feb. 14, 2002 Order at 5 (citing United States v. Call, 129 F.3d 1402, 1406 (10th Cir.1997)). Nevertheless, the district court decided that the error was harmless because other evidence of Mr. Ward’s guilt was overwhelming. Order at 6. Further, the district court determined that the evidence regarding Mr. Ward’s prior involvement with drugs was either (1) integrally related to the conspiracy such that it was not “other acts” evidence, or (2) relevant to show motive and intent and therefore admissible under 404(b). Id. at 9.
*718 Deputy Higdon’s Testimony
There is some dispute over whether Mr. Ward adequately preserved his objection to Deputy Higdon’s testimony. If the objection was not preserved, then it would be incumbent on Mr. Ward to show that there was a plain or obvious error that affected substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. James, 257 F.3d 1173, 1182 (10th Cir.2001), cert. denied, 534 U.S. 1106, 122 S.Ct. 908, 151 L.Ed.2d 876 (2002). Alternatively, if the objection was preserved, we would review the district court’s decision for abuse of discretion. See United States v. Howell, 285 F.3d 1263, 1267 (10th Cir.2002). In either case, the government can nonetheless prevail by showing that the error was harmless in that it did not affect a substantial right of a party. United States v. Charley, 189 F.3d 1251, 1270 (10th Cir.1999). Because we conclude that any error was harmless, we need not decide the preservation issue.
We do not have difficulty concluding that the district court erred in allowing Deputy Higdon to testify regarding the credibility of other witnesses. See United States v. Toledo, 985 F.2d 1462, 1470 (10th Cir.1993) (such testimony usurps a critical function of the jury, is not helpful to the jury, and may be more prejudicial than probative). The district court acknowledged this in its own ruling on the motion for a new trial. After carefully reviewing the record and Mr. Ward’s arguments on appeal, however, we agree with the district court that the admission of Deputy Higdon’s improper testimony did not affect Mr. Ward’s substantial rights.
An error affecting a substantial right of a party is an error which either had a substantial influence on the outcome of the trial or inspires grave doubt as to whether it had such influence. Charley, 189 F.3d at 1270. The impact of the error is viewed in light of the record as a whole. Id. Here, the credibility of the coconspirator witnesses was certainly critical. Their credibility was thoroughly tested, however, through extensive cross-examination and emphasis on the fact that all of the coconspirator witnesses had a motivation to be untruthful. The district court properly instructed the jury regarding evaluation of coconspirator testimony. In this context, Deputy Higdon’s isolated comments, while improper, are of minimal significance in light of the persistent, close scrutiny applied to the coconspirators’ credibility.
Rule 404(b) Evidence
Mr. Ward additionally argues that the district court erred in admitting “other acts” evidence under Rule 404(b). Regarding the “other acts” evidence, Mr. Ward adequately preserved his objection and we review the decision to admit that evidence for abuse of discretion. United States v. Wacker, 72 F.3d 1453, 1469 (10th Cir.1995). The evidence at issue was (1) the testimony of Tyrone Owens to the effect that Mr. Ward had been his exclusive supplier of crack cocaine for a number of years, (2) testimony regarding other drug trips Mr. Ward made with Joseph Mulay and his relatives, and (3) evidence that Mr. Ward had previously been present during a raid on another crack house. We find no abuse of discretion in the district court’s conclusion that Mr. Owens’ testimony as well as the evidence of the prior drug raid was relevant to show intent and motive, and that the evidence of other drug trips was integral to the charged criminal activity. Id., 72 F.3d at 1469 (similar “other acts” evidence admissible to show longstanding involvement in drug trafficking, which was integral to the charged conspiratorial activity and also showed intent and plan).
*719 Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.