NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 10, 2010
Decided December 16, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2366

| | |
|---|---|
| VICTOR WATKINS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-cv-070-DRH |
| | |
| JAMES NIELSEN, | David R. Herndon, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Victor Watkins sued a prison doctor under 42 U.S.C. § 1983 while he was incarcerated in Illinois. The district court recruited counsel to represent Watkins but eventually dismissed the suit as a sanction for noncompliance with discovery and scheduling orders. Because the district court did not abuse its discretion, we affirm the judgment.

Watkins filed suit pro se, claiming that three prison employees violated the Eighth Amendment by failing to treat his schizophrenia. Watkins alleged that the defendants knew he had been diagnosed with schizophrenia before his incarceration, and yet they refused to provide him with antipsychotic medication. His untreated schizophrenia, he said, caused him to hear voices while in segregation for six months. The district court

dismissed two of the defendants at screening, *see* 28 U.S.C. § 1915A, but allowed the suit to proceed against Dr. James Nielsen, a physician at the prison.

Watkins, proceeding in forma pauperis, then asked the district court to recruit a lawyer to assist him. Watkins explained that he needed help prosecuting his case due to his mental impairment. The district court agreed and enlisted a lawyer to represent Watkins. Counsel entered her appearance on September 17, 2008, and continues to represent Watkins on appeal.

In November 2008 a magistrate judge set a discovery deadline of June 19, 2009. In April 2009, however, plaintiff's counsel filed an unopposed motion asking to push back the discovery deadline because until then she had not heard from Watkins since his release from prison in February. In her motion counsel explained that Watkins had resumed communication but she needed more time to complete discovery. After a hearing the magistrate judge extended the deadline five months until November 19, 2009.

Shortly before that date, on November 16, 2009, the magistrate judge conducted a telephonic conference and reviewed the status of discovery, which had stalled. The court instructed Nielsen to tender his discovery requests and gave Watkins 30 days to comply. Nielsen served interrogatories and a request for production of records, including medical records, but received nothing from Watkins. Finally, in late January 2010, Nielsen filed a motion under Federal Rule of Civil Procedure 37 to compel. The magistrate judge granted the motion on January 27 and directed Watkins to respond within 10 days, warning him that failing to do so could result in dismissal of his case.

Nielsen did not receive any records from Watkins. He did receive a response to his interrogatories and request for production. Nielsen conveyed to the magistrate judge, however, that Watkins's disclosures were incomplete, and at a status conference on February 19, 2010, the court told Nielsen to identify the deficiencies and explain how his ability to defend the suit had been prejudiced. On March 3, Nielsen faxed plaintiff's counsel a letter explaining the deficiencies. The letter indicates that the two had previously discussed why Nielsen believed Watkins's responses to discovery failed to comply with the court's order and informed plaintiff's counsel that Nielsen intended to file a motion to dismiss. Two days later Nielsen filed a motion to dismiss based on Rule 37.

Rather than cure the discovery deficiencies, Watkins filed a motion seeking more time to conduct discovery. The magistrate judge denied this motion, reasoning that Watkins had not established good cause for missing the discovery deadline. In a motion for reconsideration, Watkins contended that his schizophrenia had prevented him from maintaining contact with his lawyer and contributed to his failure to produce timely,

adequate discovery. The district court referred the motion to reconsider to the magistrate judge, who denied it.

In his motion to dismiss, Nielsen had detailed the obvious shortcomings in Watkins's discovery responses. For example, in response to a general inquiry about his medical treatment since 2000, Watkins answered that he had been hospitalized about 150 times but offered no details about when or where. Watkins responded to a specific inquiry about treatment for injuries related to his lawsuit by stating that he had been hospitalized several times in St. Joseph, Illinois, but Watkins did not provide dates or identify any hospital or name any treating physician. Other answers were similarly nonresponsive. And Watkins disclosed no information when asked to state the date, time, and location of the incident underlying his complaint. Watkins did not explain or defend these answers in responding to Nielsen's motion to dismiss.

The magistrate judge recommended that the district court grant Nielsen's motion and dismiss Watkins's complaint. The court noted that Watkins had gotten the discovery deadline extended and still failed to respond to discovery requests in a timely manner. And when he did respond, the court continued, his answers were incomplete and evasive, and he produced no documents. The court also cited Watkins's failure to personally attend the final pretrial conference despite a specific order to appear. The magistrate judge concluded that sanctions were appropriate under Rule 37(b)(2) for failure to comply with the discovery order and under Federal Rule of Civil Procedure 16(f) for failure to comply with the scheduling order. Although the court weighed lesser sanctions, such as fining Watkins or barring him from introducing any undisclosed medical evidence, the court concluded that neither alternative was sound because Watkins could not afford a fine and excluding the medical evidence would have the same practical effect as dismissal.

Watkins filed timely objections to the magistrate judge's recommendation, insisting that his schizophrenia had prevented him from prosecuting his case. Plaintiff's counsel assured the court that finally Watkins was cooperating with her and thus the lawsuit should be allowed to proceed. The district court adopted the magistrate's recommendation and addressed Watkins's objections. The court agreed that the discovery responses were deficient and found that Watkins had willfully violated the magistrate judge's orders. On May 11, 2010, the court dismissed the case with prejudice, basing its final decision only on Rule 37, not on Rule 16.

Rule 37(b) allows dismissal of an action as a sanction if a party "fails to obey an order to provide or permit discovery," FED. R. CIV. P. 37(b)(2)(A)(v), and this court reviews discovery sanctions for abuse of discretion, *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006). A district court may dismiss a case as a sanction for discovery abuse if it

finds that the party's actions displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

Watkins's challenge to the dismissal is vague. His brief does not make clear whether he argues that the district court erred in finding that his conduct was willful, or whether instead he contends only that the sanction of dismissal was too harsh. What is plain, however, is that Watkins does not disagree that his discovery responses were both late and deficient, or that he failed to appear in court when his attendance was required.

We have not resolved definitively whether a finding of willfulness must be premised on clear and convincing evidence or simply a preponderance. In *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003), we held that the higher standard governs dismissals under Rule 37, but later in *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007), we questioned the correctness of that conclusion. In this case the district court found a willful violation based on Watkins's failure to abide by procedural rules and the magistrate judge's discovery orders. That finding is supported by the evidence even under the higher standard.

A brief glance at Watkins's interrogatory responses is enough to confirm that they are deficient, and at oral argument plaintiff's counsel conceded that Watkins's delays in providing information had led to the incomplete answers. We upheld a finding of willfulness on similar facts in *Hindmon v. National-Ben Franklin Life Insurance Corporation*, where the plaintiff had "failed to properly answer defendant's Interrogatories, and failed to respond to defendant's Request for Production within the time limit set by the district court." 677 F.2d 617, 620 (7th Cir. 1982).

Watkins also failed to produce medical records that were in his control. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), he should have automatically provided his medical records which, according to the final pretrial order, he intended to use to support his Eight Amendment claim. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664-65 (7th Cir. 2006); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 855 (7th Cir. 1998). After failing to produce them in compliance with Rule 26, he then violated two court orders requiring that he turn over the documents: the order giving him 30 days after Nielsen's request for production and the second order giving him 10 additional days.

Incomplete or evasive responses to interrogatories can lead to dismissal of an action under Rule 37(b). *See Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003); *Roland v. Salem Contract Carriers*, 811 F.2d 1175, 1179-80 (7th Cir. 1987). In *Roland* we upheld a district court's dismissal under

Rule 37 after the plaintiff missed the discovery deadline and then ignored the court's next order to respond. Like the appellant in *Roland*, Watkins had opportunities to cure the shortcomings. From the time of the February 19, 2010, status conference until the dismissal in May 2010, Watkins knew that his discovery responses were woefully deficient, but he did not try to cure the discovery violation.

Watkins contends that his failure to make proper responses did not impact Nielsen's ability to defend the case. Although we concluded that dismissal was too harsh in a case where a minor error was quickly remedied, *see Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000), Watkins's discovery failings did harm Nielsen. Watkins did not even disclose the basic facts underlying his claim, and after 19 months of discovery, Nielsen still did not have essential information about Watkins's lawsuit. Without dates and names of hospitals and physicians, Nielsen could not be expected to scour facilities across Illinois for Watkins's medical records.

Watkins argues that his mental illness was not considered in deciding whether dismissal was appropriate. But the magistrate judge correctly found that Watkins's mental illness does not explain his failure to communicate or provide unresponsive disclosures. *See Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 528 (8th Cir. 2000) ("Although Hunt's PTSD may have affected his behavior at the deposition and medical examination, it clearly was not responsible for the vast majority of the delays caused by Hunt and his attorney.").

Finally, Watkins contends that the district court did not consider other sanctions before deciding that dismissal was appropriate. We disagree. The district court did consider lesser sanctions; it contemplated both a monetary penalty and refusing to admit the medical records. The court thus discharged whatever obligation it might have had to consider lesser sanctions. *Compare Maynard*, 332 F.3d at 468 ("[A] court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate."), *with Dotson*, 321 F.3d at 667 ("[I]t is axiomatic that the appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty—dismissal with prejudice."). At all events, even the other sanctions contemplated by Rule 37(b)(2)—staying further proceedings or holding Watkins in contempt—would have been fruitless in this situation.

AFFIRMED.

Cudahy, *Circuit Judge*, concurring in the judgment:

This case presents an unusual and difficult situation, because the plaintiff is allegedly afflicted with schizophrenia, and Judge Herndon apparently sought to accommodate this circumstance by the appointment of an experienced civil rights litigator as plaintiff's counsel. This effort by the presiding judge was apparently unrewarded, since there is little evidence that appointed counsel pursued an active and effective role in correcting the plaintiff's deficiencies. Unfortunately, this is not an area where the record furnishes much enlightenment, since the district court did not consider or comment on the appointed attorney's possible contribution to the discovery violations. We do know, however, that Watkins' interrogatory responses reveal that they were incomplete and illegible and that Watkins and his attorney failed to produce medical records that the attorney apparently possessed since June, 2009. These circumstances suggest that the attorney did not pursue the active course that the district court might have hoped for in her appointment.

These circumstances, even if somewhat dimly perceived, do not affect the ultimate outcome, since the client is generally responsible for the possible failings of his attorney. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 (7th Circ. 1998); *Roland v. Salem Contract Carriers*, 811 F.2d 175, 1180 (7th Circ. 1987); CF. *Tango Music, LLC v. Deadquick Music*, 348 F.2d 294, 247-48 (7th Cir. 2003).