104 F.3d 225
 45 Fed. R. Evid. Serv. 1197, 97 Cal. Daily Op.
Serv. 190,
97 Cal. Daily Op. Serv. 976,
97 Daily Journal D.A.R. 1468,
97 Daily Journal D.A.R. 313
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Javier CORDOBA, Defendant-Appellant.
 No. 95-50492.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 10, 1996.**
Filed Jan. 7, 1997.
As Amended Feb. 11, 1997.
 
 Olivia W. Karlin, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.
 Elizabeth Abrams Sellung, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California, Gary L. Taylor, District Judge, Presiding. D.C. No. CR-95-00039-GT.
 Before BRUNETTI, TROTT and THOMAS, Circuit Judges.
 THOMAS, Circuit Judge.
 
 
 1
 This appeal requires us to decide whether our per se rule excluding the admission of unstipulated polygraph evidence was effectively overruled by Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We conclude it was and vacate Defendant Cordoba's conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm the remainder of the district court's evidentiary rulings.
 
 I.
 
 2
 We have long expressed our hostility to the admission of unstipulated polygraph evidence. See United States v. Givens, 767 F.2d 574, 585-86 (9th Cir.), cert. denied, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985); United States v. Demma, 523 F.2d 981, 987 (9th Cir.1975) (en banc). This antipathy culminated in the adoption of a "bright line rule" excluding all unstipulated polygraph evidence offered in civil or criminal trials. See Brown v. Darcy, 783 F.2d 1389, 1396 n. 13 (9th Cir.1986).
 
 
 3
 In Daubert, the Supreme Court held that Federal Rule of Evidence 702, governing the admission of scientific expert testimony, superseded Frye v. United States, 293 F. 1013, 1014 (D.C.Cir.1923), which had required scientific testimony to be generally accepted in the relevant scientific community to be admissible. 509 U.S. at 584-87, 113 S.Ct. at 2792-93. The Supreme Court stated that under Rule 702, when "[f]aced with a proffer of expert scientific testimony ... the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Id. at 592, 113 S.Ct. at 2796 (footnotes omitted). While the Court noted that many factors bear on the first inquiry and refused to set out an exclusive checklist, it identified the following issues as relevant: (1) whether the theory or technique can be and has been tested, (2) whether it has been subjected to peer review, (3) whether the technique has a high known or potential rate of error, and (4) whether the theory has attained general acceptance within the scientific community. Id. at 593-94, 113 S.Ct. at 2796-97. Finally, the Court stated that "[t]he inquiry envisioned by Rule 702 is, we emphasize, a flexible one" and that "Rule 702 ... assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id. at 594, 597, 113 S.Ct. at 2797, 2799.
 
 
 4
 The per se Brown rule excluding unstipulated polygraph evidence is inconsistent with the "flexible inquiry" assigned to the trial judge by Daubert. This is particularly evident because Frye, which was overruled by Daubert, involved the admissibility of polygraph evidence.
 
 
 5
 The only other circuit that has squarely addressed this issue held that a per se rule excluding expert polygraph evidence was overruled by Daubert and Rule 702. United States v. Posado, 57 F.3d 428, 431-34 (5th Cir.1995). The court stated:
 
 
 6
 [W]e do not now hold that polygraph examinations are scientifically valid or that they will always assist the trier of fact, in this or any other individual case. We merely remove the obstacle of the per se rule against admissibility, which was based on antiquated concepts about the technical ability of the polygraph and legal precepts that have been expressly overruled by the Supreme Court.
 
 
 7
 Id. at 434. We agree with the Fifth Circuit.
 
 
 8
 This holding is consistent with precedent in this circuit. We have held that Daubert overruled a per se rule excluding expert testimony regarding the credibility of eyewitness identification. See United States v. Amador-Galvan, 9 F.3d 1414, 1417-18 (9th Cir.1993) (declining to follow per se rule of United States v. Amaral, 488 F.2d 1148, 1153 (9th Cir.1973) and instead requiring district courts to consider whether expert testimony regarding eyewitness identification meets Daubert requirements). Similarly, in United States v. Rincon, 28 F.3d 921 (9th Cir.), cert. denied, 513 U.S. 1029, 115 S.Ct. 605, 130 L.Ed.2d 516 (1994), we upheld a district court's decision to exclude expert testimony on eyewitness identification under Daubert, stating:
 
 
 9
 Notwithstanding our conclusion, we emphasize that the result we reach in this case is based upon an individualized inquiry, rather than strict application of the past rule concerning expert testimony on the reliability of eyewitness identification. See Amador-Galvan, 9 F.3d at 1418. Our conclusion does not preclude the admission of such testimony when the proffering party satisfies the standard established in Daubert by showing that the expert opinion is based upon "scientific knowledge" which is both reliable and helpful to the jury in any given case. See Daubert, 509 U.S. at 591-93, 113 S.Ct. at 2796. District courts must strike the appropriate balance between admitting reliable, helpful expert testimony and excluding misleading or confusing testimony to achieve the flexible approach outlined in Daubert. See id. at 595-99, 113 S.Ct. at 2798-99.
 
 
 10
 Id. at 926.
 
 
 11
 Accordingly, we hold that Daubert effectively overruled Brown 's per se rule under Rule 702 against admission of unstipulated polygraph evidence.
 
 
 12
 Brown also suggested that the admission of unstipulated polygraph evidence per se violated Federal Rule of Evidence 403. Brown, 783 F.2d at 1396 n. 13. Daubert specifically states that other evidentiary rules, such as Rule 403, should be considered by the trial judge in determining whether to admit scientific evidence. 509 U.S. at 595, 113 S.Ct. at 2797-98; see also Posado, 57 F.3d at 435. Daubert holds that it is the trial judge's task, rather than ours, to conduct the initial weighing of probative value against prejudicial effect. Accordingly, we hold that Daubert also overruled any per se rule created by Brown that unstipulated polygraph evidence is always inadmissible under Rule 403.
 
 
 13
 Requiring the trial judge to conduct the Rule 403 analysis is consistent with the law of other circuits. While the Fifth and Sixth Circuits disfavor admission of unstipulated polygraph evidence under Rule 403 when the evidence is introduced to bolster credibility, these circuits still require the trial judge to conduct the balancing test under Rule 403. See United States v. Pettigrew, 77 F.3d 1500, 1515 (5th Cir.1996) (noting that the absence of safeguards such as agreement by parties to polygraph test weighs heavily against admission); United States v. Sherlin, 67 F.3d 1208, 1216-17 (6th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 795, 133 L.Ed.2d 744 (1996); Conti v. Commissioner, 39 F.3d 658, 663 (6th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1793, 131 L.Ed.2d 722 (1995). Other circuits simply require the trial court to conduct a balancing test under Rule 403 before admitting polygraph evidence. See United States v. Williams, 95 F.3d 723, 729-30 (8th Cir.1996); United States v. Kwong, 69 F.3d 663, 668 (2d Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1343, 134 L.Ed.2d 491 (1996); United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir.1989).
 
 
 14
 With this holding, we are not expressing new enthusiasm for admission of unstipulated polygraph evidence. The inherent problematic nature of such evidence remains. As we noted in Brown, polygraph evidence has grave potential for interfering with the deliberative process. Brown, 783 F.2d at 1396-97. However, these matters are for determination by the trial judge, who must not only evaluate the evidence under Rule 702, but consider admission under Rule 403. Thus, we adopt the view of Judge Jameson's dissent in Brown that these are matters which must be left to the sound discretion of the trial court, consistent with Daubert standards.
 
 
 15
 In this case, Cordoba took an unstipulated polygraph examination. The examiner found Cordoba truthful when he responded "no" to questions regarding his awareness of cocaine in the Plymouth van he was driving. The government moved to exclude the polygraph evidence. Cordoba argued that the evidence was admissible to rehabilitate his credibility if the government attempted to impeach his credibility. The district court granted the motion to exclude the evidence based on Brown 's per se rule. In view of Daubert, we vacate the conviction and remand for the district court to conduct a particularized inquiry consistent with Daubert and to determine admissibility. If the district court concludes that the evidence is still inadmissible after conducting the inquiry, it may reinstate the conviction.
 
 II.
 
 16
 Cordoba appeals the admission of his 1985 conviction of possession with intent to distribute cocaine. We review a district court's decision to admit evidence of prior convictions under Federal Rules of Evidence 404(b) and 609(a) for abuse of discretion. United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.1996). The district court did not abuse its discretion in admitting the evidence. Prior convictions for drug offenses are probative of veracity, which was at issue. United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 210, 133 L.Ed.2d 142 (1995). The evidence was not impermissibly stale. "By its terms, Rule 609 allows for admissibility of such a prior conviction even where the defendant has been released for up to ten years." United States v. Browne, 829 F.2d 760, 763 (9th Cir.1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988).
 
 
 17
 We need not address whether Cordoba's prior conviction was admissible under Rule 404(b). We have held that when a prior conviction is properly admitted under Rule 404(b), then any error in admitting such conviction under Rule 609(a)(1) is harmless. See United States v. Mehrmanesh, 689 F.2d 822, 831 n. 10 & 833 (9th Cir.1982). We agree with the Eighth Circuit that the converse is true: when a prior conviction was properly admitted under Rule 609(a)(1), any error in admitting the conviction under Rule 404(b) is harmless unless the record reflects evidence that the defendant would not have testified but for the court's Rule 404(b) ruling. See United States v. Smith, 49 F.3d 475, 478 (8th Cir.1995).
 
 III.
 
 18
 Cordoba also appeals the district court's admission of expert testimony concerning the modus operandi of drug traffickers. At trial, the government's expert testified that sophisticated narcotics traffickers do not entrust 300 kilograms of cocaine to someone who does not know what he is transporting.
 
 
 19
 We review a district court's decision to admit expert testimony for abuse of discretion. United States v. VonWillie, 59 F.3d 922, 928-29 (9th Cir.1995). A trial court abuses its discretion when it bases its decision on an erroneous view of the law. United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993).
 
 
 20
 If specialized knowledge will assist the trier of fact in understanding the evidence or determining an issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.R.Evid. 702. The expert testimony that drug traffickers do not use unknowing transporters was clearly probative of Cordoba's knowledge that he possessed narcotics. See United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992) ("[E]xperts testified that the amount of cocaine, valued in the millions of dollars, would have never been entrusted to an unknowing dupe. Based on that testimony the jury reasonably could have found that Castro knowingly possessed the cocaine."), cert. denied, 507 U.S. 944, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993). The district court did not abuse its discretion in finding that the probative value of the expert's testimony outweighed any prejudicial effect.
 
 
 21
 Cordoba further contends that the expert testimony constituted improper drug courier profile testimony. A drug courier profile is a somewhat informal compilation of characteristics believed to be typical of persons unlawfully carrying narcotics, commonly used by agents as a basis for reasonable suspicion to stop and question a suspect. United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991). Drug courier profile testimony is inherently prejudicial and admissible only in limited circumstances. United States v. Lim, 984 F.2d 331, 334-35 (9th Cir.), cert. denied, 508 U.S. 965, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993). However, testimony that drug traffickers do not entrust large quantities of drugs to unknowing transporters is not drug courier profile testimony. None of the expert testimony in this case was admitted to demonstrate that Cordoba was guilty because he fit the characteristics of a certain drug courier profile. In addition, the testimony was properly admitted to assist the jury in understanding modus operandi in a complex criminal case. See id. at 335.
 
 
 22
 Cordoba also argues that Daubert governs the admission of expert testimony regarding the modus operandi of narcotics traffickers. However, Daubert applies only to the admission of scientific testimony. See Daubert, 509 U.S. at 582, 113 S.Ct. at 2790. In order to qualify as scientific knowledge, an inference or assertion must be derived from the scientific method. The government expert testified on the basis of specialized knowledge, not scientific knowledge. Thus, Daubert is inapplicable.
 
 IV.
 
 23
 We affirm all rulings except for the district court's decision to exclude the polygraph examination under Rule 702 and Brown without conducting a particularized inquiry under Daubert. This case is remanded to the district court to conduct individualized inquiries under Rules 702 and 403 to determine whether Cordoba's unstipulated polygraph evidence is admissible. If the district court concludes that the unstipulated polygraph evidence is inadmissible under Rule 702 or 403, the district court may reinstate the judgment of conviction. See United States v. Kiser, 716 F.2d 1268, 1274 (9th Cir.1983).
 
 
 24
 VACATED and REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)