UNITED STATES of America, Plaintiff–Appellee,

v.

Arturo DIAZ–GARCIA, Defendant–Appellant.

No. 99–50286.

D.C. No. CR–98–01942–JTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Nov. 14, 2001.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

MEMORANDUM *

Arturo Diaz–Garcia appeals his convictions for importation of marijuana in violation of 21 U.S.C. § 952 and § 960 and for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We reverse. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Prior to the commencement of Diaz–Garcia's trial, the government agreed that it would not introduce expert testimony that there are no unknowing drug couriers.[1] "Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions." *United States v. Shapiro*, 879 F.2d 468, 470 (9th Cir.1989) (citing *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir.1986)). Thus, based on the pre-trial stipulation, expert testimony that there are no unknowing drug couriers became inadmissible. Admission of evidence in violation of a pre-trial evidence stipulation is reversible error. *Id.* at 472. As we noted in *Shapiro:*

> "The federal courts have long been cognizant of the responsibility of federal prosecutors meticulously to fulfill their promises." *United States v. Hudson*, 609 F.2d 1326, 1328 (9th Cir.1979). When the prosecution makes a "deal" within its authority and the defendant relies on it in good faith, the court will not allow the defendant to be prejudiced as a result of that reliance. *United States v. Goodrich*, 493 F.2d 390, 393 (9th Cir.1974). A prosecuting attorney may not "overstep[ ] the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense." *Berger v. United States*, 295 U.S. 78, 84, 55 S.Ct. 629, 631, 79 L.Ed. 1314 (1934). A prosecutor must prosecute with earnestness and vigor, but while he "may strike hard blows, he is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Specifically, Diaz–Garcia's attorney stated that "we've discussed the expert that the government is going to call and agree that he will not go into *Cordoba* type matters. Aside from that, I don't think that there are any other *in limine* motions." The government replied that "we do not intend to introduce blind mule testimony." The phrase "*Cordoba*-type matters" refers to expert testimony in a complex criminal case that "drug traffickers do not entrust large quantities of drugs to unknowing transporters." *United States v. Cordoba*, 104 F.3d 225, 230 (9th Cir.1997).

not at liberty to strike foul ones." *Id.* at 88, 55 S.Ct. at 633.[ ] This court has never wavered in its obligation to enforce agreements made by prosecutors upon which defendants have justifiably relied to their detriment.

*Id.* at 471.

During its direct examination of an expert witness, a Customs Service Senior Special Agent, the government elicited testimony regarding the price of marijuana in Mexico and Imperial County, California, as well as the compartmentalization of functions that characterizes drug trafficking organizations. On cross-examination, defense counsel queried the agent on his compartmentalization testimony by asking several questions about the hierarchical structure of drug trafficking organizations, focusing on the insulation such a structure provides for those at the top of the hierarchy. On re-direct, over the objection of defense counsel that it violated the *in limine* order, the government elicited testimony that drug traffickers do not use unknowing transporters, specifically that:

Q. In your experience, do organizations always use drivers that know they're carrying drugs?

A. Yes.

The trial court permitted the testimony in violation of the stipulation because it believed the defense had "opened the door" to the testimony by inquiring about the insulation of higher members of a hierarchical drug conspiracy.

"Under the rule of curative admissibility, or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission. The doctrine does not permit the introduction of evidence that is related to a different issue or is irrelevant to the evidence previously admitted." *United States v. Whitworth,* 856 F.2d 1268, 1285 (9th Cir.1988).

"The trial court's ruling that the defense opened the door to the introduction of evidence is reviewed for an abuse of discretion." *United States v. Tory,* 52 F.3d 207, 210 (9th Cir.1995). "Reversal for an abuse of discretion is required 'only if such nonconstitutional error more likely than not affected the verdict.'" *United States v. Hanley,* 190 F.3d 1017, 1028 (9th Cir. 1999).

■ A careful review of the cross-examination reveals that the defense did not "open the door" to admission of expert testimony that drug trafficking organizations never use unknowing couriers. Defense counsel inquired as to whether the people "at the lowest levels" were the "ones with the most risk" and if the "hierarchy system ... want[s] them to be able to reveal who the top guy is." This examination of compartmentalization was insufficient to warrant a breach of the evidence stipulation, and the district court abused its discretion by admitting the testimony over the defense objection. Given that the central disputed issue in the case was Diaz–Garcia's knowledge, the error was not harmless. Thus, reversal is required. *Shapiro,* 879 F.2d at 472. Under *Shapiro,* the stipulation will still govern the parties' actions on retrial. *Id.*

Given our resolution of this case, we need not reach any other issue in the appeal, including the question of whether the testimony would have been admissible absent the stipulation.

REVERSED.