**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David Chi Ping LEUNG, Defendant—Appellant.**

No. 03–50098.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 30, 2004.

Decided April 16, 2004.

---

**7.** *See United States v. McKinney,* 952 F.2d 333, 335–36 (9th Cir.1991).

Ronald L. Cheng, Esq., Kim I. Meyer, esq., Daniel D. Rubinstein, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Encino, CA, David Chi Ping Leung, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

David Leung appeals from his conviction and sentence for possession with intent to distribute methylenedioxy-methamphet-amine ("Ecstacy") in violation of 21 U.S.C. § 841(a)(1). He appeals the admission of expert testimony regarding unknowing couriers, the admission of his post-arrest statements, the district court's refusal to give a "mere presence" instruction to the jury, the sufficiency of the evidence, and the denial of a sentencing adjustment.

■ Because Leung claimed to have unknowingly possessed over twenty-eight thousand Ecstacy pills, the district court did not abuse its discretion in admitting expert testimony that drug traffickers do not entrust large quantities of drugs to couriers without alerting them to the contents of their parcels. *See United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997); *see also United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir.2001). No unfair prejudice resulted because the expert did not discuss the various roles of individuals in a hypothetical drug trafficking organization. *See Cordoba*, 104 F.3d at 229; *see also Murillo*, 255 F.3d at 1177.

■ The district court also did not abuse its discretion in admitting Leung's post-arrest statements because the statements related to his offense and therefore qualified as admissions pursuant to Federal Rule of Evidence 801(d)(2)(A). *See Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir.1985). The marginal prejudicial effect

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of showing his familiarity with Ecstacy did not substantially outweigh the probative value of demonstrating that he knew the package contained drugs. *See United States v. Mende,* 43 F.3d 1298, 1302 (9th Cir.1995).

Because Leung orchestrated the delivery of the package containing the drugs and undisputedly possessed the drugs at the time of his arrest, he was not entitled to a mere presence instruction. *See United States v. Howell,* 231 F.3d 615, 629 (9th Cir.2000). Viewing the evidence in a light most favorable to the government, sufficient evidence supports the jury's verdict: Leung arranged for the importation of the package, he exchanged thirty-three phone calls with the purported recipient on the day it arrived, he discussed Ecstacy with authorities without being told the package contained Ecstacy, and an expert testified that drug couriers are told when they are transporting large quantities of drugs. *See United States v. Diaz–Cardenas,* 351 F.3d 404, 407 (9th Cir.2003).

The district court did not clearly err in ruling that Leung had not proved, by a preponderance of the evidence, that he had truthfully provided all information relating to his offense. *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996). Leung offered only minimal information about Fu Cheng, despite their social relationship and the numerous phone calls they exchanged prior to Leung's arrest.

AFFIRMED.