**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Jose Ceja GARCIA, Defendant—
Appellee.**

No. 04–10439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided July 20, 2005.

Mark A. Inciong, Esq., Ray Gattinella, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellant.

Frances A. Forsman, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant—Appellee.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant Jose Ceja Garcia appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(11). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts and we do not recount them here except as necessary for our disposition. 1.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court properly denied defendant's motion to suppress evidence of the cocaine discovered during the traffic stop. Nevada Highway Patrol ("NHP") Trooper Shawn Haggstrom had reasonable suspicion to stop defendant's vehicle because defendant failed to maintain his travel lane in violation of Nevada Revised Statute § 484.305(1). *See United States v. Garcia*, 205 F.3d 1182, 1185–87 (9th Cir.2000); *United States v. Lopez–Soto*, 205 F.3d 1101, 1104–05 (9th Cir. 2000). After executing the stop, Haggstrom's initial inquiries were reasonably related to the traffic stop. *See United States v. Chavez–Valenzuela*, 268 F.3d 719, 724 (9th Cir.2001). Haggstrom was justified in expanding the scope of his inquiry and continuing the detention because (1) defendant was nervous; (2) Haggstrom detected an "overwhelming" odor from the multiple air fresheners in the vehicle, which could suggest illicit drug activity was afoot; (3) defendant was engaged in an unusual long-distance, one-day turnaround drive; (4) defendant had a California driver's license but the vehicle had Illinois plates; and (5) the vehicle was registered to an absent third party.[1] *See United States v. Rojas–Millan*, 234 F.3d 464, 468–70 (9th Cir.2000). Finally, the district court did not clearly err in finding defendant's consent to the search was voluntary because (1) defendant was not in custody when he signed the consent form; (2) no officer at the scene had his gun drawn; (3) although no *Miranda* warnings were given, the warnings were unnecessary because defendant was not in custody;

(4) the consent form (which defendant signed) expressly informed defendant he had the right not to consent; and (5) there is no evidence to suggest any of the officers present at the scene told defendant a search warrant could be obtained for the vehicle absent defendant's consent. *See United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir.2001). Accordingly, the district court did not err in denying defendant's motion to suppress.

■ 2. The district court did not abuse its discretion in permitting the prosecution to elicit testimony from Haggstrom regarding defendant's statements and actions during the traffic stop. Haggstrom's testimony did not consist of impermissible "drug courier profile" evidence but instead was permissible *modus operandi* evidence relevant to prove defendant knowingly possessed the cocaine. *See id.* at 1176. Similarly, testimony by Patrick Kendrick, a special agent with the Drug Enforcement Administration ("DEA"), regarding the amount and value of the cocaine was not impermissible "drug courier profile" evidence. Instead, Kendrick's testimony was relevant—and permissible—to establish key elements of the crime.[2] The testimony regarding the amount of cocaine suggested that defendant possessed over five kilograms of cocaine with the intent to distribute, rather than merely for his personal use. Further, Kendrick's testimony that drug traffickers do not routinely entrust large quantities of drugs to people who are unaware that they are transporting them was not impermissible drug traf-

---

1. Although evidence was adduced at trial defendant's vehicle had been registered to him five days before the arrest, it is undisputed NHP dispatch informed Haggstrom defendant's vehicle was registered to an absent third party.

2. A conviction under 21 U.S.C. § 841(a), (b)(1)(A)(ii) requires the prosecution to prove

defendant "knowingly or intentionally" possessed over five kilograms of cocaine. *See id.;* Model Crim. Jury Instr. 9th Cir. § 9.13 (2003) (to be found guilty of possession of cocaine with intent to distribute, "the government must prove . . . [f]irst, the defendant knowingly possessed [cocaine]; and [s]econd, the defendant possessed it with the intent to deliver it to another person.").

ficking organization "structure or practice" evidence, but was instead permissible "unknowing drug courier" testimony, which was relevant to prove defendant knowingly possessed the cocaine. *See id.; United States v. Cordoba,* 104 F.3d 225, 229–30 (9th Cir.1997).

■ 3. The district court did not abuse its discretion in excluding the testimony of Jose Cervantes, a proffered defense expert witness. Cervantes's testimony may have tended to show Cervantes purchased a vehicle in which another person had hidden marijuana, but would not have shown that defendant purchased a vehicle in which another person had hidden cocaine. Cervantes did not know defendant, had no knowledge of defendant's vehicle, and Cervantes's arrest was unrelated to defendant's arrest. The presentation of evidence regarding Cervantes's situation was a collateral matter which carried the potential of confusing the jury, and the district court acted within its discretion in excluding the testimony. *See United States v. Stewart,* 770 F.2d 825, 828–30 (9th Cir.1985).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.