UNITED STATES of America,
Plaintiff–Appellee,

v.

David Chi Ping LEUNG, Defendant–
Appellant.

No. 03–50098.

United States Court of Appeals,
Ninth Circuit.

Aug. 4, 2005.

Kim I. Meyer, Esq., Daniel D. Rubin-
stein, Esq., Office of the U.S. Attorney,
Criminal Division, Los Angeles, CA, for
Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of
Phillip I. Bronson, Encino, CA, for Defen-
dant–Appellant.

David Chi Ping Leung, Los Angeles,
CA, pro se.

Before GOODWIN, PREGERSON, and
TALLMAN, Circuit Judges.

## ORDER

David Leung was convicted of posses-
sion with intent to distribute methylenedi-
oxy-methamphetamine ("Ecstacy") in vio-
lation of 21 U.S.C. § 841(a)(1), and was
sentenced to a term of imprisonment of
151 months. Leung appealed the admis-
sion of expert testimony regarding un-
knowing couriers, the admission of his
post-arrest statements, the district court's
refusal to give a "mere presence" instruc-
tion to the jury, the sufficiency of the
evidence, and the denial of a sentencing
adjustment. We affirmed Leung's convic-

tion and sentence in a memorandum disposition. *United States v. Leung*, 95 Fed. Appx. 876 (9th Cir.2004). The Supreme Court vacated that disposition and remanded to this court in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Leung v. United States*, —— U.S. ——, 125 S.Ct. 1046, 160 L.Ed.2d 992 (2005). We now reaffirm Leung's conviction for the reasons stated in our original disposition. *See Leung*, 95 Fed.Appx. at 876. We grant a limited remand to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (*en banc*).

**REMANDED.**