**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sandy Johanna RAMIREZ–KROTKY,
Defendant—Appellant.**

**No. 05–50360.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided April 27, 2006.

Hamilton E. Arendsen, Esq., USSD—Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: MCKEOWN and BERZON, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Sandy Ramirez–Krotky appeals her conviction and 30–month sentence for possession and importation of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Ramirez–Krotky challenges under Fed.R.Evid. 404(b) the admission of prior bad acts, specifically, the government's evidence regarding a pound of marijuana found in her purse during an arrest in January of 2000. A trial court's admission of evidence under Rule 404(b) is reviewed for abuse of discretion. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir.1994) (citation omitted).

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir.2005) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir.1982)).

Here, whether Ramirez–Krotky knew about the marijuana in the car and whether she intended to distribute it were the primary issues for trial. Although the prior marijuana incident did not involve a border crossing or concealment in a vehicle, as in *United States v. Garcia–Orozco*, 997 F.2d 1302 (9th Cir.1993), the prior incident included her admission that she intended to sell a similar amount of marijuana—a logical connection to a central element of this case, i.e., Ramirez–Krotky's knowledge and intent as to the charge of possession with intent to distribute narcotics. *See Mehrmanesh*, 689 F.2d at 831. Agent Cox's testimony was direct evidence of what she told him about selling marijuana. The incident was not remote in time. *Id.* Furthermore, the court gave a standard limiting instruction for the jury indicating how it could consider such evidence. The district court did not abuse its discretion in admitting testimony regarding the marijuana incident from 2000.

Ramirez–Krotky also argues that the government did not give reasonable notice of its intent to use 404(b) evidence. We disagree. The government's letter of January 12, 2005 (following up on a letter of January 7, 2005) provided direct notice. The matters were argued extensively at a pre-trial hearing. The disclosure and discussion occurred at least a week before trial. She had reasonable notice of the government's intent to use 404(b) evidence.

II.

Ramirez–Krotky challenges the admission under Fed.R.Evid. 609(a)(1) of her prior state-court methamphetamine conviction. The district court's evidentiary rulings under Rule 609(a)(1) are reviewed for an abuse of discretion. *United States v. Jimenez*, 214 F.3d 1095, 1097–98 (9th Cir. 2000) (citations omitted).

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The government did not elicit in its case-in-chief that Ramirez–Krotky was actually *convicted* of anything in 2000 (it only brought out underlying facts relating to the marijuana). Ramirez–Krotky admitted the conviction in her case-in-chief when she testified. It was only on cross-examination that the government questioned Ramirez–Krotky about a conviction as impeachment evidence under Rule 609(a). Because Ramirez–Krotky introduced the fact of her conviction in her direct examination, she cannot challenge its admission now. *See Ohler v. United States,* 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000).

■ Moreover, even if the claim was not waived, it fails on the merits. The record indicates that the trial judge was aware of Rule 609's requirements and considered the factors in the balancing test reiterated in *United States v. Martinez–Martinez,* 369 F.3d 1076, 1088 (9th Cir.2004). The district court considered any undue prejudice and limited the prejudicial effect by allowing testimony that she was previously convicted of transporting a "controlled substance" without referring to methamphetamine. The prior conviction was not too remote. The district court also weighed the crime's impeachment value in a case where Ramirez–Krotky's credibility was a central question. *See, e.g., United States v. Cordoba,* 104 F.3d 225, 229 (9th Cir.1997). Considering all the circumstances, the district court did not abuse its discretion in allowing testimony about the prior conviction.

### III.

■ Next, Ramirez–Krotky challenges the district court's refusal to allow testimony (as hearsay not otherwise admissible as a statement against interest under Fed.

R.Evid. 804(b)(3)) from her investigator as to what passenger Garcia told the investigator. "A district court's ruling on the relevance of evidence and its determination as to whether a statement is admissible under Rule 804(b)(3) are reviewed for an abuse of discretion." *United States v. Rubio–Topete,* 999 F.2d 1334, 1339 (9th Cir.1993) (citations omitted).

Garcia's testimony would have largely been cumulative and did not meet Rule 804(b)(3)'s requirements. He had already told government agents after he was arrested that the car was his. The agents testified that Garcia said it was his car and that he didn't know about the drugs—the same things that Ramirez–Krotky had said during her confession. No proffer was made, for example, that Garcia would testify at all regarding Ramirez–Krotky's knowledge or that it was his marijuana. Rule 804(b)(3)'s requirement for "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement" was also not met.[1] The district court did not abuse its discretion in precluding the investigator's testimony about what Garcia told the investigator.

Ramirez–Krotky was also not precluded from developing her theory attacking the quality of the government's investigation. The defense investigator was allowed to testify regarding her ability to find Garcia and serve a subpoena. Defense counsel also cross-examined government agents about their inability to find Garcia.

### IV.

■ Finally, Ramirez–Krotky challenges the district court's refusal to apply a downward adjustment to her advisory guidelines calculation under U.S.S.G. § 3B1.2, for her minor role in the incident. This argument lacks merit.

---

1. For the same reason, the testimony would not be admissible under the residual hearsay exception under Fed.R.Evid. 807 (requiring "equivalent circumstantial guarantees of trustworthiness").

"Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject·to the clearly erroneous standard. The defendant bears the burden of proving that he [or she] is entitled to a downward adjustment based on his [or her] role in the offense." *United States v. Cantrell,* 433 F.3d 1269, 1282 (9th Cir.2006) (citations omitted) (square brackets in original).

Substantial evidence supports the district court's conclusion that Ramirez–Krotky was not merely an unsuspecting courier. She confessed to agents that she intended to sell some of the marijuana. The decision not to include the adjustment in the guidelines calculation was not clearly erroneous.

**AFFIRMED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.