**614**

Billy W. HATCH, JR., Petitioner–
Appellant,

v.

Robert LAMPERT, Respondent–
Appellee.

No. 05–35605.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 26, 2006.

Lisa Hay, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR—Office of the Oregon Attorney General, Carolyn Alexander, Esq., Attorney General Office of Oregon, Salem, OR, for Respondent–Appellee.

Before: GOODWIN, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *

Billy W. Hatch, Jr. sought habeas corpus relief from his Oregon convictions for

_____

* This disposition is not appropriate for publication and may not be cited to or by the courts

unlawful sexual penetration and sexual abuse and appeals from denial of his petition by the district court.

■ Hatch challenges the state trial court's exclusion of evidence that he agreed to take a polygraph test. He also asserts ineffective assistance of counsel on four grounds: (1) counsel's failure to present a credible defense theory, (2) counsel's inadequate cross-examination of the witnesses, (3) counsel's decision not to introduce certain medical evidence, and (4) counsel's choice not to seek a mistrial. Since Hatch did not raise in state court his challenge to the trial judge's evidentiary decision and his first claim of ineffective assistance based on counsel's failure to provide a credible defense theory, those claims are now procedurally barred. *See Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Nor has he overcome such procedural bar by showing "cause and prejudice." *See Coleman v. Thompson,* 501 U.S. 722, 748, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We have not been shown "new reliable evidence" of actual innocence, which would allow us to review these claims under *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). As this court has explained, polygraph evidence lacks reliability. *See Brown v. Darcy,* 783 F.2d 1389, 1391 (9th Cir.1986) (barring admission of unstipulated polygraph evidence); *United States v. Cordoba,* 104 F.3d 225, 228 (9th Cir.1997) (allowing admission of such polygraph evidence but noting that its "inherent problematic nature ... remains"). When the general unreliability of polygraph evidence is viewed in combination with the other evidence at trial, including Hatch's experience in taking polygraph tests and the witness testimony, we cannot conclude that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 329, 115 S.Ct. 851.

■ We review on the merits Hatch's remaining three claims of ineffective assistance of counsel. In order to prevail on such claims, a convicted defendant must show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relief is not warranted if "counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. 2052. Here, counsel cross-examined the victim in a reasonable manner, eliciting inconsistencies in the testimony but avoiding the disturbing details of the alleged crime. Counsel's decision not to introduce the medical report was also reasonable, for that evidence could have harmed his client. *See id.* at 689, 104 S.Ct. 2052 (emphasizing that counsel enjoys "wide latitude ... in making tactical decisions"). Likewise, counsel's decision not to move for a mistrial had a reasonable strategic basis. By pursuing admission of evidence that Hatch took the polygraph, counsel adopted a reasonable alternative strategy that, if successful, would have strengthened his client's credibility. We discern no ineffective assistance here.

**AFFIRMED.**