**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Francis RHETT, aka Stephen Francis Brooks, Defendant–Appellant.**

**No. 08–50319.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 1, 2009.*

Filed Sept. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lawrence Casper, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Assistant Appellate Supervisor, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Stephen Francis Rhett appeals his con-

** This disposition is not appropriate for publi-cation and is not precedent except as provid-

victions for importation of marijuana,[1] possession of marijuana with intent to distribute,[2] and for aiding and abetting.[3] We affirm.

■■■ (1) The district court did not abuse its discretion [4] when it admitted evidence that Rhett defecated in his pants at the point when border patrol officers were discovering the illegally imported marijuana in the trailer he was pulling. *See United States v. Velarde–Gomez,* 269 F.3d 1023, 1030–31 (9th Cir.2001) (en banc); *see also United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098 (9th Cir.2005) (balancing under Fed.R.Evid. 403). Nor did the district court err when it determined that evidence of how the trailer behaved under tow when loaded with a half ton of marijuana was relevant, and admitted that evidence.

■■ (2) While the government's asking a witness if he believed Rhett's story was improper,[5] there was no reversible error because the district court sustained an immediate objection, the question was not answered,[6] and the court gave a sufficient general instruction regarding counsels' questions.[7] Denial of a mistrial was not an abuse of discretion. *See United States v. Washington,* 462 F.3d 1124, 1135 (9th Cir. 2006); *see also Ortiz v. Stewart,* 149 F.3d 923, 934 (9th Cir.1998).

■■ (3) Finally, the district court did not commit reversible plain error [8] when it failed to sua sponte strike certain of the prosecutor's arguments. The prosecutor should have avoided the "we know" phraseology in argument, but, in context, the court's failure to sua sponte prevent its use here was not plain error. *See United States v. Younger,* 398 F.3d 1179, 1190–91 (9th Cir.2005). Even if it were, on this record it did not affect Rhett's substantial rights and did not seriously affect the " 'fairness, integrity or public reputation of judicial proceedings.' " *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779; *see also Younger,* 398 F.3d at 1191. Similarly, the court's failure to sua sponte preclude the prosecutor's arguments regarding inferences that the jury could draw from the large amount of marijuana imported here, and from the sophisticated means used to transport the marijuana into this country, was not reversible plain error, if error at all. *See United States v. Henderson,* 241 F.3d 638, 652 (9th Cir.2000); *United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir.2000); *see also United States v. Cordoba,* 104 F.3d 225, 230 (9th Cir.1997); *cf. United States v. Vallejo,* 237 F.3d 1008, 1015–17 (9th Cir.), *amended by* 246 F.3d 1150 (9th Cir. 2001) (stating that evidence of operations of enormous international drug organizations improper).

AFFIRMED.

ed by Ninth Circuit Rule 36–3.

1. *See* 21 U.S.C. §§ 952, 960.

2. *See* 21 U.S.C. § 841(a)(1).

3. *See* 18 U.S.C. § 2.

4. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004).

5. *See United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002); *United States v. Sanchez,* 176 F.3d 1214, 1221 (9th Cir.1999).

6. *Cf. Geston,* 299 F.3d at 1135–36 (evidence did come in); *Sanchez,* 176 F.3d at 1220–21 (same).

7. *See United States v. Layton,* 767 F.2d 549, 556 (9th Cir.1985).

8. *See United States v. Olano,* 507 U.S. 725, 732–37, 113 S.Ct. 1770, 1776–79, 123 L.Ed.2d 508 (1993); *United States v. Banks,* 514 F.3d 959, 976 (9th Cir.2008).