

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10386 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03004-RCC-BPV-1 |
| v. | |
| VALENTINO BOL MAJAK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 15, 2012[**]
San Francisco, California

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

Valentino Bol Majak appeals his convictions for possession of marijuana

with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), and fleeing from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration checkpoint, 18 U.S.C. § 758. He argues that the district court erred in admitting expert testimony to show that he knowingly possessed the marijuana.

Majak was apprehended after fleeing from a Border Patrol checkpoint at high speed; approximately 400 pounds of marijuana was found in the trunk of his car. Majak testified that he did not know how the marijuana got there and suggested that Border Patrol agents must have placed it there after his arrest. An expert in drug trafficking testified for the Government that drug traffickers do not typically use unknowing couriers to transport drugs.

We review a district court's decision admitting drug-courier expert testimony for abuse of discretion. *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011). The district court did not abuse its discretion in this case. Expert drug-courier testimony "is admissible when relevant, probative of a defendant's knowledge, and not unfairly prejudicial." *Id.* at 1072. The testimony here was relevant because Majak disavowed knowledge as to how the marijuana got into his trunk. Majak's suggestion that the Border Patrol agents may have placed the marijuana there did not render the expert testimony irrelevant. *See United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) (noting that expert testimony about unknowing couriers is generally probative of the defendant's

knowledge of possession (citing *United States v. Castro,* 972 F.2d 1107, 1111 (9th Cir. 1992)).

**AFFIRMED.**