**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30288 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00113-RFC-1 |
| v. | |
| PERRY NATION, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 10, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Defendant-Appellant Perry Nation appeals his conviction of two counts of

aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(c), and his

sentence to 235 months in prison. We have jurisdiction pursuant to 28 U.S.C. §

1291, and now affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

First, the district did not abuse its discretion in admitting the rebuttal testimony of the government's expert witness Stephanie Knapp, an FBI Child and Adolescent Forensic Interviewer. On cross-examination of government witnesses and in its case-in-chief, the defense sought to raise the inference that the alleged victims were incredible because they had each delayed disclosing the abuse for several years. Defense counsel asked each of the victims about their failure or unwillingness to disclose immediately, and asked the victims' mother and other witnesses whether they had ever been told of the abuse previously or noticed any signs of abuse. Since the defense had implicitly, but repeatedly, attacked the victims' credibility based on their failure to reveal the abuse at or near the time it occurred, the district court did not abuse its discretion in permitting the government to rebut that attack by introducing Knapp's testimony about the general characteristics of child victims of sexual abuse and the time it takes for such victims to disclose the incidents. *See United States v. Bighead*, 128 F.3d 1329, 1330-31 (9th Cir. 1997).

Second, Defendant challenges the qualification of Knapp as an expert under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "*Daubert*'s tests for the admissibility of expert scientific testimony do not require exclusion of expert

2

testimony that involves specialized knowledge rather than scientific theory." *Bighead*, 128 F.3d at 1330 (citing *United States v. Cordoba*, 104 F.3d 225 (9th Cir. 1997)). Defendant failed to object to Knapp's testimony on the ground that she did not possess professional qualifications that would have satisfied *Daubert*. We therefore review for plain error. Even assuming that Knapp's testimony as to scientific studies of child abuse victims went beyond "specialized knowledge," where Knapp's testimony that *was* based on her specialized knowledge was substantially similar to the results of the scientific studies, admission of this evidence was not plain error.

Third, Defendant argues the government failed to disclose Knapp as an expert witness. However, Federal Rule of Criminal Procedure 16(a)(1)(G) only requires the government to disclose any expert witnesses that it will call "during its case-in-chief at trial." That express language indicates that "the government ordinarily need not disclose the names of rebuttal witnesses." Fed. R. Civ. P. 16(a)(1)(G); *see also Matylinsky v. Budge*, 577 F.3d 1083, 1094 (9th Cir. 2009).

Fourth, Defendant argues that Knapp's testimony improperly bolstered the credibility of the victims. Knapp testified as to the "general behavioral characteristics" of victims of sexual violence she had encountered during her career. *Bighead*, 128 F.3d at 1330 (quoting *United States v. Hadley*, 918 F.2d 848,

3

853 (9th Cir. 1990). No "improper buttressing" occurs when the expert witness "testifie[s] only about 'a class of victims generally,' and not the particular testimony of the child victim in this case." *Id*. at 1331 (quoting *Hadley*, 918 F.2d at 852). Knapp's testimony was no different; there was no improper vouching here. *Cf. United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (reversing where expert witness testimony sought to establish that "the complaining witnesses were able to distinguish reality from fantasy and truth from falsehood" and was "not limited to . . . a discussion of a class of victims generally"), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031, 1035 n.1 (9th Cir. 1997) (en banc).

Fifth, Defendant argues that Knapp's references to studies on the reporting of child abuse violated Defendant's rights under the Confrontation Claude of the Sixth Amendment, which only reaches testimonial evidence. No objection was made, so we review for plain error. "To rank as 'testimonial,' a statement must have a 'primary purpose' of 'establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2714 n.6 (2011) (alteration marks in original) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). The statistical studies Knapp referenced are not testimonial because their "primary purpose" was not to "establish or prove past

events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822. The studies contained no evidence or proof as to the "past events" of this case. There was no plain error in admitting this testimony.

Finally, "in light of the factors set forth in 18 U.S.C. § 3553(a)" the district court did not impose a substantively unreasonable sentence. *See generally United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc). The court carefully weighed the 18 U.S.C. § 3553(a) factors, noting the gravity of the crimes, the defendant's lengthy criminal history, and the need to protect the public and deter sexual abuse. The sentence is not disproportionate to the crimes of raping one's own daughter and sexually molesting children within one's care, and was within the Guidelines.

**AFFIRMED.**