NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50431 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00203-DSF-18 |
| v. | |
| DIANA MARGARITA ORTEGA-GARCIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 14, 2018**
Pasadena, California

Before: PAEZ, PARKER,*** and CLIFTON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Defendant-Appellant Diana Margarita Ortega-Garcia was convicted of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. Ortega-Garcia now appeals her conviction, claiming that the District Court erred by: (1) denying her motions under Rule 29 for a Judgment of Acquittal; (2) allowing the Government's expert to testify about the structure of drug trafficking organizations; (3) allowing the jury to return a verdict without first answering the jury's question to the court; and (4) finding that Ortega-Garcia perjured herself and therefore applying a sentencing enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** The Government adduced sufficient evidence to prove conspiracy, and consequently, the Rule 29 motions were properly denied. The Government proved that Ortega-Garcia crossed the U.S.-Mexico border while her co-conspirators discussed her progress in real time and after her co-conspirators had described her as the person who would transport drugs across the border. The Government also introduced the drugs found in the possession of Ortega-Garcia's co-conspirators, which her co-conspirators identified as the drugs that she transported. Further, the Government proved that Ortega-Garcia was in contact with her co-conspirators during and after her trip across the border. Finally, the Government introduced

---

[1] Because we affirm the judgement of the District Court, the Government's pending Motion to Strike is denied as moot.

testimony that explained how drug trafficking organizations generally use drug transporters who are aware that they are carrying drugs.

**2.** Ortega-Garcia contends that the District Court erred in admitting the testimony of the Government's expert because the expert asserted that she was a "knowing" drug courier and because the expert offered "profile evidence" and claimed that Ortega-Garcia fit such a profile. The Government's expert, however, did not offer an opinion regarding whether Ortega-Garcia had "knowledge" of the conspiracy or of the fact that she was transporting drugs. Instead, the expert testified only that, based on his expertise, drug traffickers often have such knowledge. It was not an abuse of discretion to allow the Government to use expert testimony for this purpose. *E.g.*, *United States v. Gomez*, 725 F.3d 1121, 1128–29 (9th Cir. 2013). Nor did the Government's expert claim that Ortega-Garcia matched the profile of a knowing drug courier. Rather, the expert testified only to the general practices of drug trafficking organizations, which included the frequent use of knowing couriers, and that the use of unknowing couriers was uncommon. *See United States v. Cordoba*, 104 F.3d 225, 229–30 (9th Cir. 1997).

**3.** After a note from the jury was received, but before the District Court could respond, the jury announced that it had reached a verdict. No juror expressed disagreement when polled and Ortega-Garcia has presented no evidence that the jury was in any way coerced into finding her guilty. It was not an abuse of

3

discretion for the District Court not to answer the jury's note under these circumstances. *See United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000).

**4.** Ortega-Garcia testified at trial. At sentencing, the District Court found that she had committed perjury and enhanced her offense level by two levels pursuant to USSG § 3C1.1. Ortega-Garcia contends that the District Court could not have found that she perjured herself for the purposes of the USSG § 3C1.1 enhancement because the court relied on her trial testimony when deciding her post-trial Rule 29 motion. But in deciding the motion, the District Court was not required to find that her testimony was credible. Instead, the court found that her "testimony was false . . . and the false testimony was provided with the willful intent to avoid the natural consequences of her criminal conduct by avoiding conviction at trial." Accordingly, the District Court's two-level obstruction-of-justice enhancement involved no error of law or abuse of discretion.

**AFFIRMED.**