NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDRICK EARL BAIN,

                Petitioner-Appellant,

  v.

SID THOMPSON, Oregon State Board of
Parole and Post-Prison Supervision;
DEBBIE HUST, Lieutenant, Malheur
County Sheriff Parole and Probation
Division; BRIAN WOLFE, Malheur County
Sheriff,

                Respondents-Appellees.

No.   18-35683

D.C. No. 3:16-cv-00458-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and Submitted June 3, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

Petitioner was convicted of sexually abusing his daughter. More than seven

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

years after the trial, Petitioner's daughter recanted her testimony. Petitioner filed an untimely habeas petition arguing that his trial counsel was ineffective and that he could show actual innocence. The district court found that Petitioner failed to satisfy the gateway standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), and denied his petition as untimely. We review de novo the district court's denial of the petition, *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004), and we affirm.

Petitioner's untimeliness is excused if he is able to present new evidence of innocence that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316; *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Petitioner's new evidence consists of: (1) Petitioner's daughter's recantation, (2) expert testimony regarding children's memories, and (3) Petitioner's passing results from three different polygraph tests. We consider this new evidence along with the evidence that was presented at trial. *See House v. Bell*, 547 U.S. 518, 539 (2006).

We conclude that the recantation is substantially weakened by the surrounding context, including: the delay between the initial allegations and the recantation, the general nature of the recantation itself, the daughter's contact with Petitioner and his family after the trial while Petitioner was in custody, and

2

Petitioner's family's direct statements and conversations with the daughter regarding her past allegations.  The jury heard much of the information presented by the new expert witnesses.  Finally, we also conclude that Petitioner's polygraph results are insufficient alone to satisfy Petitioner's burden under *Schlup*.  *United States v. Scheffer*, 523 U.S. 303, 309 (1998) (stating that "there is simply no consensus that polygraph evidence is reliable").  Looking holistically at all the evidence, we cannot find that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence."  *Schlup*, 513 U.S. at 327.

The district court denied Petitioner an evidentiary hearing.  We review this denial for abuse of discretion.  *Smith v. Baldwin*, 510 F.3d 1127, 1137 (9th Cir. 2007) (en banc).  The district court considered all the evidence presented by Petitioner, including Petitioner's daughter's recantation, the new expert witness testimony, Petitioner's polygraph results, and the surrounding context of the daughter's initial allegations and her recantation.[1]  The district court did not abuse

---

[1] We respectfully disagree with our dissenting colleague who relies on *Jones v. Taylor*, 763 F.3d 1242 (9th Cir. 2014), as an instruction to district courts to hold an evidentiary hearing whenever a *Schlup* gateway determination is based on credibility findings.  *Jones* simply states that, when considering freestanding claims of actual innocence, district courts should holistically review "'all the evidence' and its likely effect on reasonable jurors applying the reasonable-doubt standard.'"  *Id*. at 1246 (citation omitted).  *Jones* does not require district courts to hold an evidentiary hearing in the context presented here; instead, *Jones* teaches that, when faced with a recantation, the reviewing court will consider the

its discretion by denying Petitioner an evidentiary hearing.

**AFFIRMED**.

---

recantation "in the context in which [the witness] recanted when assessing the likely impact it would have on jurors." *Id*. at 1248. This is what the district court did here, and we cannot find that it abused its discretion in doing so without also holding a hearing. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (stating that under the abuse of discretion standard, "we reverse only when we are 'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" (citation omitted)); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (holding that the district court abuses its discretion only if 1) it made an error of law, and 2) its factual finding was "illogical, implausible, or without support in inferences that may be drawn from the record.").

*Bain v. Thompson*, No. 18-35683

HURWITZ, Circuit Judge, dissenting:

In determining that Bain could not pass through the actual innocence "gateway" of *Schlup v. Delo*, 513 U.S. 298, 316 (1995), the district court improperly made credibility findings without the benefit of an evidentiary hearing. I would remand for that hearing, and therefore respectfully dissent.

Bain was convicted of sexual abuse almost entirely on the basis of statements made by his daughter, JB; the statements were introduced at trial through the testimony of Bain's ex-wife and a police officer. But JB, who was 7 years old when the incident allegedly occurred, is now 18, and has now firmly stated under oath that the abuse "never happened." Bain has also taken and passed three lie detector tests, each time denying the abuse. And, he has proffered expert opinions questioning the reliability of the police interview of JB. If all this evidence is credited, it would meet the demanding *Schlup* standard.

The district court, however, made its own credibility determinations about this evidence without an evidentiary hearing. It speculated, for example, that a hypothetical finder of fact could conclude "that JB's current recollection is the product of family influence." But, JB denied that her family influenced her. The district judge, although professing not to do so, thus effectively found her testimony about lack of influence not credible. This case is thus not at all like *Stewart v. Cate*,

which the district court cited in denying an evidentiary hearing, because in that case the "district court concluded that even if it fully credited Stewart's new evidence . . . , Stewart would not be entitled to the relief requested." 757 F.3d 929, 942 (9th Cir. 2014).

The district court similarly erred in summarily dismissing the polygraph tests as "unreliab[le]" without hearing from the examiners or conducting a *Daubert* hearing. *See United States v. Cordoba*, 104 F.3d 225, 227–28 (9th Cir. 1997) (finding that polygraph tests are not per se inadmissible); *Tennison v. Henry*, 246 F.3d 676, 676 (9th Cir. 2000) (mem.) (considering polygraph evidence in support of actual innocence claim). And, in rejecting the proffered expert opinion, the court concluded that a juror might not be persuaded by it because it was in the form of a declaration, and therefore not subject to cross-examination or a chance to make a credibility determination. But that is precisely the point; if the question of whether the *Schlup* gateway is satisfied turns on credibility determinations, those determinations should not be made without an evidentiary hearing. That is the teaching of *Jones v. Taylor*, 763 F.3d 1242, 1248–49 (9th Cir. 2014).

As in *Jones*, the district court might well, after hearing from the witnesses, find them less than credible. But it should not have done so without an evidentiary hearing. I therefore respectfully dissent.